UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:24-cv-00108-GCM

| | |
|---|---|
| LUIS ANTONIO ROSADO, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| FNU LANGDON, et al. ) | |
| ) | |
| Defendants. ) | |
| ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint, [Doc. 1], see 28 U.S.C. §§ 1915(e) and 1915A. Plaintiff is proceeding in forma pauperis. [Docs. 2, 5].

**I.     BACKGROUND**

Pro se Plaintiff Luis Antonio Rosado, Jr., ("Plaintiff") is a prisoner of the State of North Carolina currently incarcerated at Marion Correctional Institution ("Marion") in Marion, North Carolina. He filed this action on April 11, 2024, under 42 U.S.C. § 1983, against Defendants FNU Langdon, identified as a psychologist at Marion; Cindy Hayes, identified as an employee of Marion; Kevin Freemen, identified as a Unit Manager at Marion; FNU Haynks, identified as an Americans with Disabilities Act (A.D.A.) Coordinator at Marion; and Christine M. Khandelwal, identified as the President of the North Carolina Medical Board. [Doc. 1]. Plaintiff sues Defendants in their individual and official capacities. [Id. at 2-4].

Plaintiff alleges as follows. While at Foothills Correctional Institution, he asked for Mental Health Lvl 2 status. [Id. at 8]. When he arrived to the RDU (Rehabilitative Diversion Unit) at Marion, however, he found out from a male psychologist that he was classified as Mental Health Lvl 1. [Id.]. It appears that Plaintiff was told that if he "needed [his] meds again"

he "could ask to see the psych doctor." Plaintiff "filled out a referral form" and was seen by Defendant Langdon, who told Plaintiff that "it would take up to 6 months to get on case load." [Id.]. Defendant Langdon had Plaintiff take a test that he had taken in 2017, which had given him MH Lvl 3 status. Defendant Langdon "then state[d] a false claim of malingering symptoms" and "denie[d] to see [him]." [Id.]. Plaintiff filed a grievance about the "A.D.A. Denial" and "the lack of following policy & procedure." Defendant Freeman "stated no error," failed to provide a reason for the refusal of accommodation or address the issue of denial of mental health services," and "proceeded to state false claims." [Id. at 6, 8].

Plaintiff was Mental Health Lvl 3 status from 2017 to 2023 and his "mental health diagnosis … entitle[s] [him] to reasonable accommodations" under the A.D.A. [Id. at 9]. Defendant Langdon denied Plaintiff an appointment to see a "psych doctor," which Plaintiff claims is cruel and unusual punishment. In addition to being denied reasonable accommodations, Plaintiff is "being forced in a cell" for 23 to 24 hours a day and "only allowed Rec when staff allows," which he also alleges is cruel and unusual punishment. [Id. at 8]. Defendant Khandelwal "denied to assist [Plaintiff] with medical/mental health services." [Id. at 6]. Plaintiff vaguely alleges that Defendants Freeman, Haynks, and Langdon "failed to comply" with "part of the [grievance] process" in violation of the Fifth Amendment. [Id.].

Plaintiff claims violation of his rights under the Fifth and Eighth Amendments and the A.D.A., 42 U.S.C. § 12101, et seq. [Id. at 3]. Plaintiff also asserts a state law negligence claim. [Id.].

For injuries, Plaintiff alleges "[d]elay of A.D.A." and "emotional and mental damages." [Id. at 7-8]. For relief, Plaintiff seeks monetary relief, "Attorney fee and Court fees, Termination of employment, [and] fines for not adhering to the A.D.A." [Id. at 7, 9].

## II.     STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, under § 1915A the Court must conduct an initial review and identify and dismiss the complaint, or any portion of the complaint, if it is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune to such relief. 28 U.S.C. § 1915A.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III.    DISCUSSION

### A.    ADA

Under Title II of the ADA, "no qualified individual with a disability shall, by reasons of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity." 42 U.S.C. § 12132. The ADA defines "public entity" to include "any State or local government" and "any department, agency, … or other instrumentality of a State." United States v. Georgia, 546 U.S. 151, 126 S.Ct. 877 (2006) (citing

3

42 U.S.C. § 12131(1)). "[T]his term includes state prisons." Id. (citing Pennsylvania Dept. of Corrections v. Yeskey, 524 U.S. 206, 210, 118 S.Ct. 1952 (1998)).

To establish a prima facie case under Title II of the ADA, a plaintiff must show that: (1) he has a disability; (2) he was either excluded from participation in or denied the benefits of some public entity's services, programs, or activities for which he was otherwise qualified; and (3) such exclusion, denial of benefits, or discrimination was by reason of his disability. Miller v. Hinton, 288 Fed. App'x 901, 902 (4th Cir. 2008) (citations omitted). States are obligated to make "reasonable modifications" to enable the disabled person to receive the services or participate in programs or activities. 42 U.S.C. § 12131(2). The duty of reasonable accommodation, however, must also consider whether the institution's actions are related to legitimate penological interests. See Turner v. Safley, 482 U.S. 78, 89, 107 S.Ct. 2254 (1987); Tanney v. Boles, 400 F.Supp.2d 1027, 1050 (E.D. Mich. 2005) (noting that courts have applied Turner to ADA and Rehab Act claims). A plaintiff must also establish an actual injury from any alleged ADA violation. See Rosen v. Montgomery Cty. Md., 121 F.3d 154, 158 (4th Cir. 1997).

Taking Plaintiff's allegations as true and giving him the benefit of every reasonable inference, Plaintiff has failed to state a claim under the ADA. That is, Plaintiff has not alleged that he has a disability, that he was denied participation in or the benefits of any prison services, programs, or activities that he would otherwise be qualified for absent his disability, or that any such exclusion or denial was because of his disability. Nor does Plaintiff allege what accommodation Defendants have allegedly refused. Rather, Plaintiff complains that he is being denied mental health services that he seeks and that he has been classified as a Mental Health Lvl 1 inmate, rather than Mental Lvl 2 as requested. The Court, therefore, will dismiss this claim.

B.  **Constitutional Claims**

To state a claim under § 1983, a plaintiff must allege that he was deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed by a "person" acting under color of state law.  See 42 U.S.C. § 1983; Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999); Health & Hosp. Corp. of Marion Cnty. v. Talevski, 599 U.S. __, 143 S.Ct. 1444 (2023).  Although Plaintiff claims that his rights under the Fifth and Eighth Amendments have been violated, the Court will address those claims fairly raised by Plaintiff's Complaint.

1.  **Official Capacity Claims**

"[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office."  Will v. Michigan Dept. of State Police, 491 U.S. 58, 71 (1989).  Because a state is not a "person" under § 1983, state officials acting in their official capacities cannot be sued for damages thereunder.  Allen v. Cooper, No. 1:19-cv-794, 2019 WL 6255220, at *2 (M.D.N.C. Nov. 22, 2019).  Furthermore, as noted the Eleventh Amendment bars suits for monetary damages against the State of North Carolina and its various agencies.  See Ballenger v. Owens, 352 F.3d 842, 844-45 (4th Cir. 2003).  Plaintiff's official capacity constitutional claims against the individual Defendants, therefore, do not survive initial review and will be dismissed.

2.  **Eighth Amendment**

The Eighth Amendment prohibits the infliction of "cruel and unusual punishments," U.S. Const. amend. VIII, and protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement, Williams v. Benjamin, 77 F.3d 756, 761 (4th Cir. 1996).  "The Eighth Amendment 'does not prohibit cruel and unusual prison conditions.'" Thorpe v.

5

Clarke, 37 F.4th 926, 940 (4th Cir. 2022) (quoting Strickler v. Waters, 989 F.2d 1375, 1381 (4th Cir. 1993)). "It asks instead whether the conditions of confinement inflict harm that is, objectively, sufficiently serious to deprive of minimal civilized necessities." Id. (citation omitted). "Prison conditions may be harsh and uncomfortable without violating the Eighth Amendment prohibition against cruel and unusual punishment." Dixon v. Godinez, 114 F.3d 640, 642 (7th Cir. 1997). Extreme deprivations are required. Hudson v. McMillian, 503 U.S. 1, 9 (1992).

To establish an Eighth Amendment claim, an inmate must satisfy both an objective component–that the harm inflicted was sufficiently serious–and a subjective component–that the prison official acted with a sufficiently culpable state of mind. Williams, 77 F.3d at 761. The Supreme Court has stated that "a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 837 (1994). "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. A plaintiff must also allege "a serious or significant physical or emotional injury resulting from the challenged conditions." Strickler v. Waters, 989 F.2d 1375, 1381 (4th Cir. 1993).

Claims under 42 U.S.C. § 1983 based on an alleged lack of or inappropriate medical treatment fall within the Eighth Amendment's prohibition against cruel and unusual punishment. Estelle v. Gamble, 429 U.S. 97, 104 (1976). To state such a claim under the Eighth Amendment, a plaintiff must show a "deliberate indifference to serious medical needs" of the inmate. Id. Deliberate indifference "entails something more than mere negligence," but does not require actual purposeful intent. Farmer v. Brennan, 511 U.S. 825, 835 (1994); Rish v. Johnson, 131

F.3d 1092, 1096 (4th Cir. 1997). As with a conditions of confinement claim, "[i]t requires that a prison official actually know of and disregard an objectively serious condition, medical need, or risk of harm." Rish, 131 F.3d at 1096 (quoting Farmer, 511 U.S. at 837).

Taking Plaintiff's allegations as true and giving him the benefit of every reasonable inference, Plaintiff has nonetheless failed to state an Eighth Amendment claim against any Defendant. The conditions alleged by Plaintiff, while harsh and uncomfortable, are too vague and do not rise to the level of an extreme deprivation necessary to state an Eighth Amendment claim based on conditions of confinement. Moreover, Plaintiff fails to allege personal participation by any Defendant relative to Plaintiff's conditions of confinement. Plaintiff also fails to state an Eighth Amendment claim based on Defendant Langdon's alleged denial of Plaintiff's request to see a "psych doctor." While the denial of medical or mental health care may give rise to a claim under the Eighth Amendment, Plaintiff's allegations fail to support that any Defendant was deliberately indifferent to his mental or medical health needs. See Farmer, 511 U.S. at 837. As such, the Court will dismiss Plaintiff's Eighth Amendment claims based on the conditions of his confinement and deliberate indifference to a serious medical need.

## C. Fourteenth Amendment

To prevail on a procedural due process claim, an inmate must first demonstrate that he was deprived of "life, liberty, or property" by governmental action. Bevrati v. Smith, 120 F.3d 500, 502 (4th Cir. 1997). Although prisoners are afforded some due process rights while incarcerated, those liberty interests are limited to "the freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484

(1995). Moreover, changes "in a prisoner's location, variations of daily routine, changes in conditions of confinement (including administrative segregation), and the denial of privileges [are] matters which every prisoner can anticipate [and which] are contemplated by his original sentence to prison." Gaston v. Taylor, 946 F.2d 340, 343 (4th Cir. 1991); Slezak v. Evatt, 21 F.3d 590, 594 (4th Cir. 1994) ("The federal constitution itself vests no liberty interest in inmates in retaining or receiving any particular security or custody status '[a]s long as the [challenged] conditions or degree of confinement ... is within the sentence imposed ... and is not otherwise violative of the Constitution.'") (quoting Hewitt v. Helms, 459 U.S. 460, 468 (1983)).

There is no constitutional "entitlement to grievance procedures or access to any such procedure voluntarily established by a state." Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994). "An inmate thus cannot bring a § 1983 claim alleging denial of a specific grievance procedure." Booker v. S.C. Dep't of Corr., 855 F.3d 533, 541 (4th Cir. 2017).

Taking Plaintiff's allegations as true and giving him the benefit of every reasonable inference, Plaintiff's allegations fail to state a due process claim. That is, they relate only to the denial of a grievance or grievances and, therefore, do not implicate his due process rights. The Court, therefore, will dismiss Plaintiff's due process claim.

V.  **CONCLUSION**

In sum, Plaintiff has failed to state a claim upon which relief may be granted and Plaintiff's Complaint will be dismissed without prejudice.

The Court will allow Plaintiff thirty (30) days to amend his Complaint, if he so chooses and if the facts support such amendment. Any Amended Complaint will be subject to all timeliness and procedural requirements and will supersede the Complaint. Piecemeal amendment will not be permitted. Should Plaintiff fail to timely amend his Complaint in

accordance with this Order, this action will be dismissed without prejudice and without further notice to Plaintiff.

## ORDER

**IT IS, THEREFORE, ORDERED** that Plaintiff shall have thirty (30) days in which to amend his Complaint in accordance with the terms of this Order. If Plaintiff fails to so amend his Complaint, the matter will be dismissed without prejudice.

**IT IS FURTHER ORDERED** that Plaintiff's Complaint is **DISMISSED** without prejudice.

**IT IS SO ORDERED**.
Signed: May 7, 2024

Graham C. Mullen
United States District Judge